Next case is number 22-1402, Medical Associates of Erie v. Michael B. Zaycosky, D.O. Dr. Andrasano. I please the Court, Anthony Andrasano from Buchanan, Ingersoll and Rooney on behalf of Appellant Michael, Dr. Michael Zaycosky, I'd like to reserve five minutes for rebuttal. Granted. Please. So, I don't want to go ahead and rehash all of the, you know, underlying facts of the claims, the underlying claims in this matter, but I do think that there are some relevant procedural history that's worth going through very quickly. This matter started in state court, Dr. Zaycosky then removed it to federal court based on diversity jurisdiction. M.A.E., the appellee in this matter, then went and filed a motion to remand. That motion to remand was based on a form selection clause. Dr. Zaycosky opposed it. The reason for the opposition was based in circuit precedent outside this circuit, but the Third Circuit hadn't addressed the issue on point. There are Third Circuit precedent that is related and I think supports Dr. Zaycosky's opposition. But nonetheless, there was no controlling law here in the Third Circuit, but there was controlling law in other circuits, which was relied on by Dr. Zaycosky. The district court ultimately didn't agree with Dr. Zaycosky's position on that, which is all right, and that's not what we're here for today. But what we are here for today is the district court then took that a step further, and they invited and then actually awarded attorney's fees to M.A.E. in an amount of almost $30,000. The basis for that was 28 U.S.C. section 1447C, and what was interesting is at the same time they relied on 1447C, they noted, the district court noted, that the remand was based upon the forum selection clause. And quite frankly, and just to be blunt, that was a clear error of law. It's absolutely clear that there's no authority under 1447C to award attorney's fees when a matter is remanded based on a forum selection clause. Well, that's not consistent with the text of 1447C. You're interpolating here, are you not? Because the text says, an order remanding the case. It doesn't say an order remanding the case except if it's based on a forum selection clause, right? Well, what it says— You've got to reason by analogy to 1447D and the language from the cases that talk about reading C and D in power and material, correct? No, Your Honor. Respectfully, the language is, a motion to—and this is 1447C—a motion to remand the case on the basis of any defect other than lack of project manager jurisdiction. Yeah, well, that's a different—that's the first sentence. Right. There are three sentences there, right? The first sentence talks about a 30-day time frame and a defect, right? And then the second sentence talks about subject matter jurisdiction. And then the third sentence refers to attorney's fees, right? Yes. Yeah, but I think they have to be read in conjunction with each other. And actually, respectfully, the Court had actually reached out to the parties in advance and said to be prepared to discuss 1447C in its entirety as well as the legislative history of its prior versions. Well, statutory history, not legislative history. The statutory history, correct. I stand corrected there. The statutory history of that. And let's go back to that. So originally there had to be a bond, right? Yep. The protection against an improper removal was the filing of a bond, right? Yes. And then it got changed from a front-end protection of a bond to a back-end protection of attorney's fees. Is there any evidence to suggest that the bond requirement that was to protect a party whose case was improperly removed, that that bond was not required when a form selection clause was at issue? The issue is that the statute itself isn't meant to address any removal. The statute itself, based upon the statutory history of it, is to address situations where there's a defect in the removal. That is where it's all within 1447C where the attorney's fee provision actually exists. That relates to the sentence before it. I'm not sure you answered my question. Let me try it again. Okay. So there was a bond requirement, we can agree. Right. In previous iterations of the statute, correct? Yes, there was a bond requirement. If somebody removed a case from state court to federal court improperly, and the case was sent back to state court because of a form selection clause, the bond would be forfeited, correct? That I don't agree with. I don't believe that was the case. What was the point of the bond? I believe when there was a bond, my understanding was when the bond was actually applicable would be when there was, again, a defect, when it was improvidently removed, based upon the language that was in 1447. What cases say that? What cases do you have to support the notion that the bond would be forfeited for an improper removal only if there was a, quote, defect? Well, I think what, actually, I think what, I think, again, we're looking at the entirety of the section of 1447C and its statutory history, and that's where it comes from. So if you look at, there's a case called Snapper v. Redon. It's an 11th Circuit Court of Appeals case, 171 F.3d 1249. It's from 1999, and that actually details extensively, you know, the statutory history. It actually goes through the plain language of the statute as it exists today. It goes through all the prior versions of 1447C. It goes through the legislative history of 1447C, and it goes throughout all of the case law from the beginning of time with 1447C all the way up through that time of that case in 1999, and all of it stood for the fact that 1447C was never, ever meant to address a remand based on a form selection clause. So, you know, that's important, I think, because, again, and if you look through this And, again, this case is being provided in response to the court's direction to look back at that, the history of 1447C, and it explains it for pages about the plain language. It's, you know, a motion to remand the base of any defect other than lack of subject matter jurisdiction. It goes through the Black's Law. I think we all agree on that. We agree that we've consistently held that a remand based on a form selection clause is not a remand under 1447C. I think that's a given, but that's not why we're here. As you pointed out, we're here to address whether the district court had the power under a different sentence of 1447C to award attorney's fees. Counselor, would you, just to add on what Judge Bergman was saying, would you acknowledge that in 1988, when the Bonner Clause was eliminated, that the language on attorney's fees was added? Yes. In the same legislation? I would, but I'd also like to point to what also was added, which is the sentence in front, which said a defect in a removal procedure. Right. So those were all added to the same. It wasn't set out. Like, if the intention was to, you know, replace that bond requirement completely in any situation, even a removal that's not a defect in a removal procedure, it would have been in a separate section. Okay. What logic would it be to add, taking you back to 1988, what would the logic be, if any, to say that you could get attorney's fees, whether it was a removal involving a defect in removal procedures, but to not permit attorney's fees, whether it was a removal that was contrary to the agreed to forms election clause? Why would that make sense? It actually codified the case law at the time that was standing for that proposition. And it, it actually, interestingly enough, before they added that the section in the removal process, it actually said in providently removed, it was actually broader. And the court case law at that time. And again, that 11th circuit court of appeal case I cited details that case law very clearly. And it could have, courts could have taken a broader view. They chose not to. And what happened in 1988 was that they actually codified what the case law was. And that's where I think it's extremely important to see that because if they would have wanted attorney's fees available in any instance, they wouldn't have added that, which was again, supported by the case law at the time. And then we haven't written on this point yet. We haven't decided. Well, and I would actually look at it, you know, from the perspective of the amendments after that, where they removed in the removal process. And the reason for that, again, discussed in this 11th circuit case is, you know, there was action that adding that language created another judicial issue. And that, in that case, and what they were talking about in the 11th circuit cases, if there is a removal based on diversity, but it turns out that the one of the defendants was actually in the same form state as one of the plaintiffs, right? Then the courts were having a difficult time at that time because they were saying they couldn't address it because it wasn't technically part or a defect in the removal process. However, it was a factual issue and they were having a hard time looking at that substantively. So what they did is they went ahead and they removed that part in the removal process, but they kept defect in. And what I was trying to say earlier is the reason that's important is because defect as defined by black laws dictionary is an issue with the legal requisites, right? That's what defect means. So there's parts of the removal statute, 1446, a 1446 B relating to the timeliness and the filing requirements. That's what they're talking about there. It was never meant to get as expansive as any type of a, say a forum selection clause or lack of supplemental jurisdiction or other types of issues. Is a remand based on a form of selection clause and order remanding the case? It is an order remanding the yes, but after a contract interpretation has been made. So that's the difference is it's not in the defect in, in what occurred procedurally, like what 1447 C is looking to protect. It's a contract interpretation made by the court. So now we actually heard it in the last case, the American rule of attorneys fees applies because it's a contract interpretation. Again, there's going to be different opinions from different circuit courts that are looking at it from the perspective of whether or not unjust enrichment falls within a forum selection clause. That's a contract interpretation that has to be substantively made by the court. Should the motion then, should it be styled a motion to remand, a motion to enforce the form selection clause? They are traditionally styled a motion to remand. And if, but if you look at what was filed here, it was based upon the forum selection clause. And there was initially the attorney's fee was demanded, was based upon the contractual term. However, the contractual terms, however, then it was changed to ultimately state that it was based under the 1447 C let's switch gears for a minute. Yeah. Why was, or was not there an objectionable, an objectively reasonable basis. That to me was the case in the first place. Yeah, that to me is the most surprising. I think actually constitutes a clear abuse of discretion by the district court. You know, again, as I noted earlier, the Dr. Zukoski's position was premised fully on case law from other circuits. So it's actually, you know, concerning to me that when a circuit like the third circuit hasn't addressed a specific issue. And again, there is diversity of jurisdiction here and there's a good argument that unjust enrichment claims don't fall within. A form selection clause, because again, unjust enrichment by its very means means there's no contract. Right. So. Contract claim. Some courts disagree with that. I mean, and if you look. I was really puzzled by the rule here and maybe correct me if I'm misremembering this, but, but I thought. It was a, a removal. Literally. To use. I know you gentlemen. Are from the middle of the state, but. But literally here in Pittsburgh, when we talked about removals, someone would file a case. Four blocks down the street in the court of common. He's an Allegheny County. And the file would literally. Be taken. Out of the office and walked down the street. And brought to the clerk's office. These are the good old days. We didn't do everything by computers. Right. So that case was removed. And then when the case was remanded. The exact opposite occurred. The entire file. People would have to transport it and they would walk it. Down the street. I have never heard. Of rummaging through the phone and saying, well, we're going to. We're going to remand this back there. Well, this one, we're going to keep it. I've never heard of such a thing. I mean, the case either gets removed. And remanded in its entirety. Or it doesn't, what am I missing? Well, respectfully. The cases that we cited in our line briefs and opposition to the remand. There's cases from other circuits. Well, give me a case in Pennsylvania. I mean, this. Wasn't there a written contract here. Talk about Erie county and Pennsylvania law. I don't remember if Pennsylvania was the governing law. Was it Pennsylvania? Yeah. Okay. Well. One Pennsylvania case from. Supreme court or even. A case from. Okay. It says that you can. Remove a portion of the case. One case. So I will tell you that there, and that was part of the argument was that there is no case that addresses it one way or the other. You found a case in Wisconsin. Yeah, there was. That had nothing to do with what we do in Pennsylvania. But it also in Pennsylvania, there's no prevailing law on the issue. It hasn't been addressed. So, you know, and there is cases. It's never been addressed. Well, but not if it's not, if other courts. If a complaint has 20. Okay. Position that a lawyer has the privilege to go through. And so. All the odd counts are going to be removed to federal court in the  case. Okay. So, yeah. So. Yeah. Well, the, the, the, that, that there's a position that's supported by case law and other circuits. So, I mean, if, if, if we look at it from the perspective of it, not being an issue address. So it's like issue of 1st impression here. You know, but there, again, you're looking for an objectively reasonable basis. You're not looking to necessarily be. It's the court's going to rule in your favor. Right. It's gotta be objectively reasonable. And from an objectively reasonable perspective, how can it not be? If other. You know, judges sitting in the same seat, just in a different jurisdiction of the district court here. You know, One judge in the country makes one opinion. It's if so fact to objectively reason. Arguably yes, but that's not what happened here too, because I also think that there was a lot more than just one. And if you look through our briefing, we've cited to several cases from across the country. You know, that have, have come to that conclusion. Largely, you know, in the, in the ninth circuit, but they've still come to that conclusion. And there's still others that you've mentioned earlier. I think it was in Wisconsin as well. So I do think that there are more than one here, but I do think you have to. Provide parties who are especially coming from different states. You know, with the ability to exercise their right to, you know, have diversity jurisdiction to go to federal courts. And that's the purpose of diversity jurisdiction. So, you know, when it comes even when they've contracted it away. If it is the contractually based claim, then that's okay. But, you know, and I urge you to. And I told you, I didn't want to get too much into the facts, but I think it's important for you to understand. The contract never asked for $360,000 doesn't address $360,000. The primary basis to get to that $360,000 is the unjust enrichment claim. So that's why it was added. And we can talk about it being in the alternative, but I think the reality is that's going to be the entire basis of the underlying state law claim. So we're not talking about, well, this is a throw on claim or, you know, this is something that is one of 27 claims. Like in your example, what we're talking about here is probably the driving factor behind what they're seeking from my client. The contract doesn't address. So your argument is this isn't. This is dressed up as a contract claim, but it's really something else. Exactly. And when you have cases and other jurisdictions, and it hasn't been addressed here that says, hey, federal court can address that one claim. That's not contractually based. Right. Because again, the whole purpose of that is that the contract doesn't exist. Once there's a contract between the parties, unjust enrichment has to either be in the alternative or it doesn't exist. Right. So that's the, that's the, the, the, the driving factor beyond him trying to exercise his right to get a federal court here. His case, when he's a member of it at the time, a different state. Thank you. Thank you. We'll hear you on rebuttal. Thank you, Mr. Bradshaw. Good morning, your honors. Mark from the Harrisburg office of Stevens of Lee representing medical associates of Erie. Where to begin. Let me begin. Although I certainly intend to focus my attention on the issue that was raised by the clerk's order, directing us to be prepared to address the 88 amendments and the statutory history. But I think in terms of, in terms of framing this case, we should start with the form selection clause at issue because we ended a moment ago with the reasonableness of the removal. And I think that in part informed judge Baxter's decision to award attorney's fees, which the rule certainly contemplates and the Martin decision from the Supreme court certainly authorizes. But let me begin with the form selection clause itself. I'm on appendix page 57. Paragraph 7.2 of the operative contract. It says governing law. This agreement shall be interpreted construed and governed according to the laws of the Commonwealth of Pennsylvania without reference to its conflict of laws provisions. The court of common pleas of Erie County, Pennsylvania. Should have jurisdiction over any dispute, which arises under this agreement and each of the parties shall submit and hereby consents to such courts exercise of jurisdiction. So that's how we started in the Erie County court of common pleas, which we contend has always been. And judge Baxter agreed was the appropriate venue for this dispute. So why wasn't the objectively reasonable basis? Simply the fact that there was complete diversity. Yes, you had a contract with the form selection clause, and that would be a defense maybe to federal jurisdiction. You could fight over the arising under language and so on. Once you get into federal court, but the objective, Objectively reasonable basis. Removed was simply diversity jurisdiction. Well, there certainly is diversity. And so there certainly is federal court jurisdiction. And now we're going to get into the 1447 subparts. But where, and this goes all the way back. I have to take issue with what my colleagues said, which was that there was no third circuit authority on the issue of a form selection clause and its enforceability. That's not true. The foster case very specifically a long time ago said that a form selection clause was a perfectly appropriate reason for remand. Foster, unfortunately, didn't get into the fees issue, which is why it doesn't control the issue that's before us. But the third circuit had spoken and had spoken very decisively on the fact that a forum selection clause was an appropriate basis to remand. And then we get into, is it under 1447 C? Is it a defective procedure? Then after 96, is it a defect at all, et cetera. But let me, let me return. And I think the, the answer to your question is because the contract said Erie County court of common pleas. And so the remote, I'm not arguing that the removal was improper. There was diversity of citizenship. Federal court would otherwise have had jurisdiction, but there was a preemptive waiver. And that's what a form selection clauses. It's a preemptive contractual waiver. It's an agreement as to where the dispute will be litigated. And that agreement was violated here. And in fact, Foster says that if you don't remand under circumstances where there is a forum selection clause, you have done violence to the party's contract. Mr. But he has the, the arising under argument. The case didn't arise under the contract because it was based on. I'm just saying, why isn't it, you can fight about that all day long. Maybe you win that argument, but at the, on the front end, why wasn't the removal objectively reasonable since as you followed. Our city jurisdiction. Well, first of all, the Martin case from the U.S. Supreme court, that's the discretion to make that determination. The district judge Baxter reached that question. And in fact, I can give you the appendix. Citations. I argued based on the forum selection clause at appendix 43, which was my brief and supportive remand. This is not a close case. And at appendix 93 in her decision of March 19th, 2021 page three of five, she said, quote, this court agrees. So judge Baxter in exercising her discretion in reviewing the forum selection clause concluded very clearly. The forum selection clause controls you belong in Erie county. Unfortunately, a long way. Following up on judge Porter's question. I'm not sure you've addressed what I heard. Mr. Andresano say when he was standing there, which is that. Yeah, there was a contract between the parties, but the way the complaint was styled and the large damages figure that they were seeking. Was to some extent on more from, or differentiated from a standard breach of contract issues. So it was at least arguable that the dispute didn't arise out of the contract. That argument was, excuse me. That argument was advanced. It was briefed. It was rejected. And the phrase that judge Baxter utilized was inextricably intertwined. But I think that the follow up on judge Porter's question in that. You could make, could you not make a colorful argument? That since this was a, it was also claiming the alternative from just enrichment. And since there were citizens of different states, that in fact this kind of suit is not a kind of suit contemplated by the agreement, but rather a diversity action. And which the federal courts have jurisdiction. And why is that argument? It doesn't sound it's farfetched to me. Well, but I suppose that my best answer standing in a, an appellate court is to fall back on standard of review. And the answer is that this is an abusive discretion standard. And the district court tackled that question, concluded that the unjust enrichment claim and the contract claims were inextricably intertwined. Consequently there was no partial removal. And by the way, your honor there is case law on that it's cited in our brief below on the removal issue. It's the Carlyle case from the third circuit. Carlyle meaning the, the hedge fund which says that there is no sort of piece. Let's just try to put a little finer point on it. Let's say we agree that the district judge got it right on that question. Nevertheless, why, why does that make the original removal on diversity grounds objectively unreasonable, even though he was wrong on the contract argument and we might agree with that. Well, okay. I think what you've done is you've led me back directly to where I meant to begin my argument, which is with the 88 amendments. So if you'll indulge me, this is going to be a somewhat long winded explanation or response to your question, but I think I'll eventually get there. As, as your honors indicated earlier, prior to the 88 amendments, there was a bond requirement. So it was front loaded, but the real key is not the difference between front loading and back loading. The real difference is that the bonding requirement was limited to the costs that were incurred. Yeah, it wasn't attorney's fees. Exactly. And so then what you have with the revision is, and this gets back to questions that were asked by the court, Mr. Andrews, Anna, the language of the rule and your honor put it very well. There are four separate sentences and, you know, would that Congress had broken them out with separate Roman Nets, you know, Roman one, Roman two, three, four, you know, et cetera. We're on sentence three here. And most of the controversy in the case law has devolved around how C generally relates to D and appeal ability. And frankly, there are two aspects to this case and I'm happy to tackle either of them. There's the narrow case that brings us before you, which is this fees award in this case. And then there's the larger question having to do with appeal ability under D and so on. I'm happy to get into cook and peer point and the other decisions and the larger issues as well. But for now, let me focus on why we're here. So the language of the rule is sweeping and order. Remanding the case may require payment of just costs and actual expenses, including attorney's fees incurred as a result of the removal. That's a standalone sentence. It doesn't get into whether the removal was for this reason or that reason. It doesn't say, assuming the court has found a defect in procedure or after 96, a defect, you don't have to fall into that rabbit hole. You can take that sentence on its own. It is clear. And if we were writing on a blank slate, it would be easy. The problem is the Supreme court said in third time cracking Bush, right? That the section that they did split up under a set under a separate subsection, which is weird, right? The appellate jurisdiction section relates back, right? It's in pair material with the first sentence. If that's the case, why wouldn't you, why wouldn't you read the three sentences under subsection C, which weren't split out, but they're all under the same section. Why wouldn't you read those sentences in pair of material as well? Well, I think you could write an entire series of law review articles on the current status of thermotron and whether it's good law or not, and whether it has survived the legion of cases that have come out since that. And I think I don't have that kind of time this morning, but, you know, this court in cook basically followed the second circuits decision in pure point. And pure point said, any defect means any defect other than subject matter jurisdiction. And, and cook said, okay, and that resolves the issue because if we see it that way, then everything gets swept into the 30 day limitation and nothing is appealable under D, which is where I thought the circuit was based on the cook decision and following pure point. There's an unfortunate footnote in footnote five and cook that treats foster in a, in a way that I think is inconsistent with foster. And then this is another rabbit hole, but, but the point is there's an entire law review article that was written on this. Call your attention to it's 87 Marquette law review, one 23. It's entitled remand. I'm sorry, removal, remand and reimbursement under 28 USC, 1447 C. And it has a number of things that are really pertinent to this. It basically says you don't have to feel sorry for a defendant who gets hit with a fee award because they shouldn't have removed in the first place. And it also says that the entire purpose of 1447 C and the revisions in 88 and certainly the revisions in 96, which were intended to clarify was to protect the jurisdiction of the federal courts. It was first to protect the, the jurisdiction of the district courts from cases that were removed and shouldn't have been. And subsequently to protect the, the jurisdiction of the appellate courts that were visited with appeals from removal decisions and shouldn't have been. And, you know, I think the short answer is that pure point and cook are the path through the forest there on the larger issue. Do you, do you agree, Mr. Brad, the board of fees should not just be. The English rule that there should be, there should be a fine. It's not. It has to be something more. Martin very specifically addresses that issue. That's the U S Supreme court decision. And what it says is that a fee award under 1447 C is not a rule 11 section. It doesn't require that the, that there be, you know, well, that's frivolous. I'm, I'm, I'm thinking something between loser pays automatically and frivolous. There's a lot of daylight between those two. Right. And, and Martin addresses that. And Martin says, there has to be a finding that there was something wrongful about the removal. Or in the, where did judge Baxter make that finding? How it can't just be an IPSA Dixit, right? Trust me. I think this was improper. What are we, what, what should we sink our teeth into here in terms of appellate review, recognizing that it is an abusive discretion standard, the language of the forum selection clause itself, Erie County, Pennsylvania. That's what the parties agreed to. Well, that's, that's, that's putting a rabbit in the hat because if you, if, if, if Erie medical filed a defamation suit against doctors, a Kosky in Erie County, the form selection clause wouldn't help you. Correct. Right. But, but here's the thing. Rising under does more work. The question is, did it, did this dispute that you filed on behalf of your client in the county court arise under the written contract between your client and. And again, she made that finding. She said that the unjust enrichment claim was inextricably intertwined. Let's talk about what this case was really about. This case was really about the fact that my client paid for Dr. Kosky. Yeah. And he was supposed to come back to us. No. And he decided Georgia was, let's talk about Martin for a second. Sure. Martin. Chief justice said that we should look at the purposes of 1447. See, we want to deter removals that prolong that are, that are removed, the removals that are, that are affected for the purpose of prolonging litigation and imposing costs on the opposing party. But at the same time, don't undermine the right to remove when, when they can, when the statutory. So I guess my first question is, well, before I ask that question and then, and then the court said the standard is absent, unusual circumstances. Courts may award attorneys fees under 1447 C only where the removing party lacked an objectively reasonable basis for seeking. Conversely, when an objectively reasonable basis exists, fees should be denied. So go back to the purposes for a minute. Is it, is it a position that Dr. Zekowski removed in order to just prolong the case or to impose costs on your client? Or was he just trying to get in federal court as he thought he had a right to it because there was diversity. Was there some kind of strategy involved? Well, with all respect, I think you're asking me to speculate as to he and his counsel state of mind. And I really can't do that, but I can tell you that the effect of the removal was to stop the case in its tracks for over a year. And that has to do also with the fact that this took place during COVID. So the case was removed. I filed. How much time did you spend fighting over removal? How much of that year was spent fighting over the removal and the remand? Candidly, most of it was waiting for the district court's decision. So the case was removed. We immediately filed a motion to remand. It was briefed and there was a year that went by before we got the decision remanding case, which invited the fee petition and cited Martin. And, and made a conclusion that there was no objectively reasonable basis based on the case law. And, and, and specifically addressed the extra jurisdictional arguments that had been made by Dr. Zukoski and said, I want to make sure I understand. Your position. On that, that's the basis for removal for the best. Are you arguing that the form selection clause. I don't need to remove for a defect. Right. That you are. Cause that's what you are. Are you arguing this is a defect? Well, I think under pure point and cook, it is a defect under the existing case law. Okay. That's what you are. Correct. Correct. However, we also very squarely said the forum selection clause controls and the forum selection clause says Erie County. Right. I understand that. Right. How do you get, I'm trying to make sure I understand how you get into the third sentence. This allows you to recover attorney's fees. How do you get there? You get there by a statutory interpretation of that third sentence to say that attorney's fees are allowed in any successful remand case, or you get there by saying that a remand based on a form selection clause constitutes a defect. I would argue the former with one slight tweak. And that is that, that I think this, the third sentence of 1447 C is a standalone sentence. It says an order. It could just as easily say any order. What about the words? These case? You know, if you apply it to a standalone sentence, what would have made more sense for that sentence to read a border remanding a case? To me, the Congress has chosen to use the word the case has to refer back to one of the categories of cases in the first few sentences. I disagree. I think the case means the case, the case that is pending in the district court at the time to that docket number, the file, the judge Hardiman described being physically carried up Grant street back in the old days. I think that's the case. I haven't thought about judge Fisher's point, but subsection D does say an order remanding a case and the Supreme Court still read it back imperative. Right? Well, I guess the only thing in conclusion, and I'm well out of time, I would take refuge in, in right and Miller, which I think everyone would agree is a persuasive scholarly federal practice treatise. And what right and Miller says, and it's, it's quoted in the peer point case, which then the cook case from the circuit followed. And I, I believe adopted says, you know, gee, this could have been framed much more clearly than it is. But right. And Miller says, it appears the better reading that any defect, which is exactly what peer points at your point sites, right? And Miller, any defect means anything other than subject matter jurisdiction, which then has implications to the breadth of your appellate jurisdiction. That's not specifically the issue that's before you, but I think it's certainly something this case presents you with an opportunity to address. I think you understand our position. We do. Thank you, Mr. Bradshaw. We'll hear rebuttal from Mr. Anderson. Just a few points. Your honors. I think, you know, I want to address the, the my colleagues reference to the foster case when it came to the form selection clause and that being the basis for his position with respect to it being clear. I want to point out that the unjust enrichment aspect wasn't, didn't exist and wasn't addressed in that, in that matter. So I want to point that out. I also wanted to, you know, outline, we had said, you didn't want to come back to this. No. So I feel like, you know, just to provide a little bit more context is that he actually is in fact backed to an area now. And, you know, we have to move this matter forward. His MA who's declined to offer him employment pursuant to that contract. So I just want to make that clear to the extent context plays any role in the decision here. I also think it's important that when your honor asked about how long were we fighting over removal. Again, we were waiting for the district court's decision, but before the motion to remand was actually filed, I was notified that it would be forthcoming. I had reached out to counsel and said, let's have a conversation about it. Let's discuss it. And I was, it was respectfully declined. Did you make a record with judge Baxter on that? I mean, wouldn't wouldn't have to be it's it's in the briefing. If you were willing to voluntarily remand the case, but I, well, but you weren't, you fought it. Well, we asked to discuss it. I didn't understand what the basis was for it. I wanted to explain what our position was as well. And then we could have ultimately come to an agreement at that point. But it, again, the, the overture was declined. Did you make the, The argument. You may hear. The reason that you remove the case wasn't because you think the form selection clause was invalid for some reason, or that the contract was invalid for some reason, but rather you remanded the case. Because this was actually a tort action or some other, some other action. Dressed up as a contract. We, we made the argument that the unjust enrichment claim provided for the basis. Well, wait, that's a little different because that gets back to my, my. Challenges to you previously about cutting up a case and removing parts of it, rather than removing the entire case. If. If you conceded in the district court. That there was a valid form selection clause that required the case to go. To Erie County. Court. Was proper. Because of the unjust and rich portion of the case alone. Even if the contract portion of the case had to be in Erie County. Yeah. Well, I think I understand what you're asking. And you can correct me if, if I'm not, but, you know, we made the argument that the cases out there that we were relying on would stand for the proposition that the unjust enrichment claim would stay in federal court. And the form selection clause would be applicable solely to the contract. So that the case would be litigated in two, four. Yeah. Well, that was the, that was, so we have to decide if, if, if that. View that the case. That part of the case could proceed in federal court and part of the case could proceed in state court was objectively unreasonable. That's really what we have to decide. Applying the, you agree that abuse of discretion is the standard. I think, yeah, I think I absolutely agree that abuse of standard is going to be the, the, the rule here. I do think that, you know, to your honors point about the lack of addressing the arguments that we raised in the, in the court's opinion in and of itself was potentially an abuse of discretion, but the ultimate determination. I believe, because it, again, the opinion ignores all the arguments that we raised. I mean, it's just dealt with in a couple sentences that they just agree with. But the district court just agree with me. But to your point, I think that that's 1 question that, you know, we're asking you to make is that, you know, the fact that there would be going in separate forms would be considered objectively reasonable. But I think the more important overriding aspect of that as well is that there is actual legal precedent. In other circuits at an appellate level, that he's relying on that to me in and of itself is, is similar, but separate. I think so. So let me try to summarize. I want to make sure I understand your argument. As I, as I understand it, you're saying that. We had out of jurisdiction authority that you could litigate in two fora. It separate the case, essentially. And there was no controlling it because there was no controlling authority in Pennsylvania or the 3rd circuit. It follows that what we did. Well, ultimately unsuccessful was not objectively unreasonable. Right. Once if you get beyond the arguments and the questions of my colleague here, relating to the fact that there was diversity jurisdiction. Well, everyone knows that he, we all right. Form selection clause. Doesn't. It's a preemptive way to deprive someone of a federal form when there is federal section, right? Yeah, that's the whole purpose of a form. If the court contractually interpret it to include the claims that have been raised. But again, it's a contract interpretation at that point. So you have diversity jurisdictions. You have the objectively reasonable basis. Then now they're assessing from a contractual perspective. Whether or not the form selection clause requires all claims to be remanded back, which then goes to your point that you, when you classified my argument, which is once you're at that point, the fact that there's a case law out there for a litigant to rely on in and of itself would make it objectively reasonable. But here, I think it definitely does as well, because when you go back and look at the original complaint, you'll realize that the bulk of what would actually be ultimately awarded here, if anything, and that they were seeking was in fact, 360,000, which is not within the four corners of the complaint. Those weren't contract damages. It wasn't something more like dignitary harm or defamation. I mean, a tour, right? The contract, your argument. Well, the contract doesn't sort of, you know, parties damages are going to be defined by the contract, right? So there's nothing usually not in the contract. They usually just flow consequentially from the breach. Right. But here you're talking about a contract for employment and a contract for employment said, I'm going to provide you services. You're going to pay me for that. What they're seeking here. They're saying, again, not referencing the contract at all. And I'll tell you that my client wasn't aware of this, that they were apparently paying $360,000 to the residency program to get him put into that program. My client wasn't aware of that. So that's not referenced in the contract yet. The complaint looks for it. So that takes us to the unjust enrichment aspect, which is I played this money out and it's going to be disputed fact, whether my client knew about it or not. Right. So now you're looking at, I put this money out, you were enriched by the residency program. So now you owe us money back for that because you're not coming to perform your employment services. But the problem with that is that the contract itself was an employment contract to provide those services for a payment, which is outlined in the contract. So that's where the 360 doesn't come. You know, I don't know if it's in the record, but I wondered about it and you just alluded to it. Is it permissible to pay somebody's expenses for a residency program? Legally or ethically? Either. My client was extremely upset when he found out that that was the circumstances in which he was put into that program. That said, if you look at the contract, or I'm sorry, the complaint, the allegations exist there. So it is in the record because they pled it. But upon receipt of the complaint, my client was surprised. Follow up on a question I asked earlier. I asked Mr. Brownshaw. If he had any indication that you all removed just to start up the costs or to prolong litigation, honorably declined to speculate. So what, why don't you just satisfy us? The reasons why you removed, are they legitimate? Was it a type of games? Yeah, absolutely. We were, we were moved because we believe that there was diversity jurisdiction that exists and that the bulk of the complaint wasn't based in contract. It was based in an unjust enrichment claim. And at some point during that litigation, there'd be a choice to be made. And based on that choice, going to an unjust enrichment. And then he belonged to federal court because the contract form selection clause didn't apply. Well, yeah, I think so. I think my client firmly believes that especially after, you know, some of the actions that have occurred, he thought he would do better in federal court. But I can tell you, and I can look you all into the eye and say, under what there was no gamesmanship here in any way, shape or form. I can assure you of that. Right. Last thing I would just say, AGCME standards would be the ethical aspect of what you had asked. Thank you, Mr. Bradshaw. Your honor, forgive me. I had mentioned the Carlisle case. I found the citation. We have, we have. Thank you gentlemen. We'll take the case under advisement. Thank you.